**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DISTRICT**

**ALBERT USSERY, On behalf of himself**
**and all others similarly situated**                                                        **PLAINTIFF**

v.                                  Case No. 4:09-CV-00801 BSM

**CHARLES HOLLADAY, et al.**                                                              **DEFENDANTS**

## ORDER

Separate defendant Larry Jegley moves to dismiss plaintiff Albert Ussery's claims for monetary and injunctive relief (Doc. No. 10) and Ussery objects to dismissal (Doc. No. 20). For the reasons set forth below, Jegley's motion is granted.

## I. BACKGROUND

Ussery was arrested in May 2009 for public intoxication. He claims he was charged by a deputy prosecuting attorney and a default adjudication of guilt was entered against him, despite the police department's assurance that he was not charged with any crime. Complaint, ¶ 10. Ussery alleges that Jegley, the prosecuting attorney for the Sixth Judicial District of Arkansas, condones the department's practice of misinforming individuals arrested for public intoxication. *Id*.

Ussery sues Jegley in his official capacity for allegedly violating his constitutional rights under 42 U.S.C. § 1983 and the Arkansas Civil Rights Act. Ussery seeks expungement of his record, nominal and compensatory damages for emotional distress, and an order closing the North Little Rock holding facility permanently. Jegley claims absolute prosecutorial immunity, sovereign immunity, and he further asserts that Ussery lacks

standing to seek injunctive relief.

## II. MOTION TO DISMISS STANDARD

"Dismissal is proper where the plaintiffs' complaint fails to state a claim upon which relief can be granted." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing Fed. R. Civ. P. 12(b)(6)). Accepting as true all of the factual allegations contained in the complaint, the court must review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id*. "The plaintiffs need not prove specific facts in support of their allegations, but they must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Id*. (internal citations omitted).

## III. DISCUSSION

Ussery's claims against Jegley are dismissed because prosecutors are absolutely immune from suit for acts taken in their role as advocates for the state. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). This is true even when it is alleged that a prosecutor has committed a constitutional violation. *Id*. Ussery alleges Jegley's office charged him, requested an adjudication of guilt, and condoned the police department's alleged practice of misinforming people arrested for public intoxication. Even if these allegations are accepted as true, it is clear that Jegley was acting in his prosecutorial role. Therefore, he is immune and the claims against him are dismissed.

Further, Ussery's claims against Jegley in his official capacity are barred by sovereign immunity. The Eleventh Amendment to the United States Constitution bars federal lawsuits

brought by individuals against states. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). Jegley is a state employee and therefore a suit against him in his official capacity is a suit against the state of Arkansas. Ussery admits his claims for monetary damages against Jegley should be dismissed, but he claims prospective injunctive relief is available under *Ex Parte Young*. For this exception to apply, Ussery must allege an ongoing violation of federal law. While Ussery alleges that Jegley condones the North Little Rock Police Department's alleged practice of misinforming individuals arrested for public intoxication, he does not specifically allege how Jegley is continuously violating federal law. Therefore, the *Ex Parte Young* exception does not apply and all of Ussery's claims against Jegley are barred by sovereign immunity.

Lastly, Ussery concedes that he does not have standing to request that Jegley expunge his record because Jegley does not have the power to expunge records. Therefore, Ussery's request for expungement of his record is also dismissed.

### IV. CONCLUSION

Ussery's claims against Jegley are barred because Jegley is immune from suit. Ussery's claims against Jegley are therefore dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted.

IT IS SO ORDERED this 3rd day of June, 2010.

_____
UNITED STATES DISTRICT JUDGE